UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 11-10169 |
| | ) | Chapter 13 |
| HERMAN EUGENE PAULSON | ) | |
| dba Heartland Organic Foods | ) | |
| SSN/ITIN xxx-xx-9472 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| HERMAN EUGENE PAULSON | ) | Adv. No. 11-1023 |
| dba Heartland Organic Foods | ) | |
| | ) | |
| Plaintiff | ) | |
| -vs- | ) | DECISION RE:  JURISDICTION |
| | ) | |
| PEOPLES STATE BANK | ) | |
| | ) | |
| Defendant. | ) | |

The issue before the Court is whether it has jurisdiction to decide the issues presented by Debtor-Plaintiff Herman Eugene Paulson's Complaint to Determine Validity of Judgment/Lien Alleged to be Basis for Defendant[']s Claim.  The Court enters these findings and conclusions pursuant to Fed.R.Bankr.P. 7052.  For the reasons discussed below, the Court determines it does not have jurisdiction and must dismiss this adversary proceeding.

I.

As set forth by Debtor-Plaintiff Herman Eugene Paulson ("Debtor") in his Complaint to Determine Validity of Judgment/Lien Alleged to be Basis for Defendant[']s Claim (doc. 1), Defendant Peoples State Bank ("Bank") obtained, in state court, a judgment against him before he filed his petition in bankruptcy.  In his complaint, Debtor asks this Court, on several grounds, to void and disallow Bank's judgment.  He also asks this Court to sanction Bank "for attempted fraud on this Court" and for his costs incurred in this proceeding.  In its Answer (doc. 13), Bank acknowledges it holds a state court judgment against Debtor, but it challenges this Court's jurisdiction.

According to Bank's proof of claim filed in Debtor's main bankruptcy case, Bankr. No. 11-10169, Bank's claim is for $61,804.56 plus accruing interest. Attached to Bank's proof of claim is a copy of the state court's Judgment of Foreclosure in *Peoples State Bank v. Eugene Paulson and Heartland Organic Foods, Inc.*, Civ. 08-54, Fifth Judicial Circuit for the State of South Dakota, Roberts County. As set forth in the judgment, the property foreclosed included various personal property, some of which Debtor has scheduled as assets in his bankruptcy case. The judgment is dated December 7, 2009, and was filed by the county clerk of court on December 10, 2009.[1]

An initial pre-trial conference in this adversary proceeding was held January 26, 2012. Because the Court has an independent duty to determine whether it has subject matter jurisdiction, *City of Kansas City v. Yarco Co.*, 625 F.3d 1038, 1040 (8th Cir. 2010) (citing *United States v. Hays*, 515 U.S. 737, 742 (1995)), the Court directed the parties to file briefs addressing whether it has jurisdiction over the issues presented by Debtor's complaint. Upon receipt of the briefs, the matter was taken under advisement.

II.

Lower federal courts, such as bankruptcy courts, do not have subject matter jurisdiction over challenges to decisions made by state courts. *Bunch v. Hoffinger Industries, Inc.* (*In re Hoffinger Industries, Inc*.), 329 F.3d 948, 950 (8th Cir. 2003) (citations therein).

> Put another way, "[the Rooker-Feldman doctrine] precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its holding." *Snider v. City of Excelsior Springs*, 154 F.3d 809, 811 (8th Cir.1998) (citation therein). The state and federal claims need not be identical. A lower federal court

---

[1] Several of the state court related documents are also attached to Bank's Brief Opposing Jurisdiction of Bankruptcy Court in this [Adversarial] Proceeding (doc. 40).

> may not consider a claim that is "inextricably intertwined" with a claim addressed by a state court. *Goetzman v. Agribank, FCB* (*In re Goetzman*), 91 F.3d 1173, 1177 (8th Cir.1996) (citation therein). A federal claim is inextricably intertwined with a state claim "if the federal challenge succeeds only to the extent that the state court wrongly decided the issues before it." *Snider*, 154 F.3d at 811.
>
> The doctrine is not without its exceptions, at least in some jurisdictions. *See Singleton v. Fifth Third Bank of Western Ohio* (*In re Singleton*), 230 B.R. 533, 538 (6th Cir. BAP 1999) (collecting cases). However, the Eighth Circuit Court of Appeals has generally been unwilling to create such exceptions. *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1035–36 (8th Cir.1999). *See Ferren v. Searcy Winnelson Company* (*In re Ferren*), 203 F.3d 559, 560 (8th Cir.2000) (*per curiam*) (specifically rejecting an exception to *Rooker–Feldman* that would permit a lower federal court to collaterally attack an erroneous state court construction of a bankruptcy discharge that was void *ab initio* under 11 U.S.C. § 524(a)(1)).

*Cawley v. Celeste* (*In re Athens/Alpha Gas Corp*.), 463 B.R. 883 (B.A.P. 8th Cir. 2012). Thus, a federal bankruptcy court does not have subject matter jurisdiction to second guess or "re-do" decisions a state court has already made. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (Rooker-Feldman doctrine is confined to cases brought by a state-court loser complaining of injuries caused by the state court); *Ferren v. Searcy Winnelson Co.* (*In re Ferren*), 203 F.3d 559, 560 (8th Cir. 2000); *Car Color & Supply, Inc. v. Raffel* (*In re Raffel*), 283 B.R. 746, 748-49 (B.A.P. 8th Cir. 2002)(history and application of *Rooker-Feldman* doctrine).

III.

In his brief, Debtor correctly states this Court has "core" jurisdiction to allow or disallow claims and to determine the validity, extent, or priority of liens. However, another court has already made those determinations regarding Bank's claim against Debtor. The state court, in the foreclosure action brought by Bank, entered a judgment that established how much money Debtor owed Bank and set forth what collateral the Bank could take possession of to cover that debt.

Debtor had various remedies to challenge the state court's judgment, such as a timely motion before the same court or a timely appeal to the South Dakota Supreme

Court. Debtor apparently even utilized some of those remedies. However, filing bankruptcy and asking this Court to correct what he believes was an unjust result reached by the state court was not then, and is not now, one of Debtor's available remedies in bankruptcy. Accordingly, this Court must dismiss Debtor's complaint and close this adversary proceeding.

An appropriate order will be entered.

Dated: March 5, 2012.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota